ROGERS v. NEW YORK CENTRAL STORAGE CO.

(Supreme Court, Appellate Term. November 10, 1911.)

CORPORATIONS (§ 507*)—ACTION—PROCESS—SERVICE—MANAGING AGENT.

> Where a process server, after calling at the office of defendant corporation four or five times and finding the same person, who said he was in charge, but who could not tell where any of the officers of the defendant were, and who stated that any business might be transacted with him, served him with summons as the corporation's managing agent, but the agent testified that he was only a bookkeeper for defendant, and had no authority to receive service or to transact business for it, the service was void.

> [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1971–2000; Dec. Dig. § 507.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Charles A. Rogers against the New York Central Storage Company. From a Municipal Court judgment for plaintiff, by default, defendant appeals. Reversed, and complaint dismissed.

Argued before SEABURY, GUY, and COHALAN, JJ.

Reno R. Billington, for appellant.

Rogers & Rogers (Gustavus A. Rogers and Saul E. Rogers, of counsel), for respondent.

PER CURIAM. The defendant appeals from a judgment rendered against it by default, and submits affidavits showing that no service of the summons was ever made upon it.

The plaintiff claims that the persons served with the summons was the managing agent of the defendant. The process server testified that he was unable to serve the summons on either the secretary or the president of the defendant corporation, and that he called at the office of the defendant four or five times, and each time he called he saw the same person, who stated that "he was in charge of the place and could give no further information." This person also told the process server that he could not tell where any of the officers of the defendant could be found, but that any business might be transacted with him. Thereupon the summons was served upon this person.

---

There is nothing in these statements from which it can be said, or even inferred, that the person maki· them was the "managing agent" of the defendant. The person served testified that he was the book-keeper of the defendant, that he was not an officer of the corporation, and had no authority to receive a summons, or to transact any business for the corporation. The judgment must be reversed.

Judgment reversed, with costs, and complaint dismissed.